Mr. Paul Suskie, City Attorney City of North Little Rock 300 Main, P.O. Box 5757 North Little Rock, AR 72119
Dear Mr. Suskie:
You have requested approval, pursuant to the Interlocal Cooperation Act [A.C.A. § 25-20-101 et seq.], of an agreement among the City of North Little Rock, the North Little Rock Advertising and Promotion Commission, the North Little Rock Parks and Recreation Commission, and the North Little Rock School District, concerning the improvement, repair, and operation of the Wildcat Stadium and Athletic Field located at the North Little Rock High School East Campus.
The Interlocal Cooperation Act requires that interlocal agreements for joint or cooperative action specify the following items:
(1) The duration of the agreement;
 (2) The organization, composition, and nature of any separate legal or administrative entity created by the agreement, and the powers delegated to that entity;
(3) The purposes of the agreement;
 (4) The manner of financing the joint or cooperative undertaking and of establishing and maintaining a budget for it;
 (5) The methods of accomplishing termination of the agreement and for the disposal of property (if any) upon termination;
(6) Any other necessary and proper matters.
A.C.A. § 25-20-104(c).
In addition, if the interlocal agreement does not establish a separate legal entity to conduct the joint or cooperative undertaking, it must specify the following items:
 (1) The provision for an administrator or a joint board that will be responsible for administering the joint or cooperative undertaking;
 (2) The manner of acquiring, holding, and disposing of real and personal property (if any) used in the joint or cooperative undertaking.
A.C.A. § 25-20-104(d).
The agreement that you have submitted must specify all of the above-listed items.
I am required by law to review the agreement for the purpose of determining whether it is in proper form, as described above, and is otherwise compatible with the laws of the state. Having reviewed the agreement, I find that it is in the proper form and appears on its face to be otherwise compatible with Arkansas law. It is therefore approved as submitted.
I must note one other substantive matter of which the parties to the agreement should remain cognizant. Although the agreement does not outline any of the particular requirements of law by which the individual parties are bound (nor is it required to do so), the parties must nevertheless be diligent in complying with the various strictures of law that could impact upon their participation in the agreement. See, e.g.,
Ark. Const., Art. 12, § 4 (concerning local governments' fiscal affairs; Ark. Const., Art. 12, § 5 (concerning local governments lending credit); A.C.A. § 14-58-501 et seq. and A.C.A. § 26-73-114 (concerning financial aid by cities to public schools); A.C.A. § 26-75-606 (concerning permissible uses of advertising and promotion funds); A.C.A. § 14-269-305
(concerning restrictions on the use of park funds); Ark. Const., Art.14, §§ 2 and 3, and A.C.A. § 6-21-101 (concerning the use of school property by non-school entities and for non-school purposes. In connection with this last concern, I note that the agreement permits "individual public use" of the facility. It is not entirely clear what this term means.). In addition, all parties must of course remain diligent in their compliance with Ark. Const., Art. 16, § 11 (prohibiting use of tax proceeds for purpose other than that for which the tax was levied); and Ark. Const., Art. 16, § 13 (providing right of action for illegal exactions).
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General